NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DION GUSSNER, | No. 14-16135 |
| Petitioner - Appellant, | D.C. No. 5:12-cv-01876-LHK |
| v. | |
| TERRI GONZALEZ, Warden, Warden of the California Men's Colony, California Department of Corrections, State of California, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted September 18, 2015[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CHRISTEN and FRIEDLAND, Circuit Judges, and LEMELLE,*** Senior District Judge.

Dion Gussner appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition claiming ineffective assistance of counsel related to his decision to plead guilty to gross vehicular manslaughter. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

To prevail on a claim of ineffective assistance of counsel, Gussner needed to establish that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice for ineffective assistance claims relating to guilty pleas requires showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Further, because Gussner's claim was previously adjudicated on the merits in state court, to prevail he must show that the state court was unreasonable in applying these principles to the facts of his case. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Here, it is unnecessary to decide whether counsel's performance was deficient because the state court reasonably concluded that Gussner could not show

_____

*** The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

2

prejudice. First, Gussner faced unsympathetic facts. He told officers at the scene he "may have had too much to drink," and stipulated that his blood alcohol content was 0.16% at the time of the accident. He also told officers that he did not see the Honda until just before he hit it because he had taken his eyes off the road to send a text. Gussner also had two prior alcohol-related arrests and, in this case, a child was killed.

Second, Gussner had various reasons to quickly enter a guilty plea. The prosecutor was investigating the possibility of murder charges when Gussner entered his plea. Additionally, Gussner expressed that he wanted to save the family of the deceased child further pain from a trial. Before his change of plea and sentencing, Gussner made multiple comments regarding his deep remorse and desire to bring immediate solace to the family. And at his sentencing, Gussner stressed that he wanted to accept full responsibility.

For these reasons, the state court was not unreasonable in concluding that Gussner would not have rejected the plea deal and insisted on going to trial even had he been properly advised of his sentence exposure. This is so despite

3

Gussner's declaration to the contrary, which he submitted to the California Court of

Appeal only after the superior court denied his petition.[1]

**AFFIRMED.**

---

[1]     We decline to expand the certificate of appealability to address the uncertified issues that Gussner raised in his opening brief. *See* 28 U.S.C. § 2253(c)(2).

4